IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MICHAEL B. KING,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | 5:08-CV-186 (CAR) |
| | : | |
| **ERIC FARRIS, individually and in his** | : | |
| **official capacity as a police officer for** | : | |
| **the City of Byron; KAREN** | : | |
| **AROMATORIO, individually and in her** | : | |
| **official capacity as a judge for the City** | : | |
| **of Byron; and the CITY OF BYRON,** | : | |
| **GEORGIA,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS, PLAINTIFF'S MOTION TO REMAND, and ORDER TO SHOW CAUSE**

Currently before the Court are Defendants' Motion to Dismiss [Doc. 2] in which Defendants contend that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted, and Plaintiff's Motion to Remand to the Peach County Superior Court [Doc. 4] in which Plaintiff contends this Court has no jurisdiction over his claims. Plaintiff is a licensed attorney in the State of Georgia who represents himself in this action.  For the reasons expressed herein, Defendants' Motion [Doc. 2] is **GRANTED**; Plaintiff's Motion [Doc. 4] is **DENIED**; and Plaintiff's claims are hereby **DISMISSED**.  Also for reasons explained herein, the Court further **ORDERS** Plaintiff _to appear before this Court on December 17, 2008, at 9:30 a.m_. to **SHOW CAUSE** why he should not be sanctioned and/or ordered to pay Defendants' attorney's fees pursuant to Federal Rule of Civil Procedure 11 for filing baseless pleadings.

1

**FACTUAL AND PROCEDURAL HISTORY**

This case stems from Plaintiff's receipt of a speeding ticket and his subsequent speeding conviction in Peach County, Georgia. According to the facts alleged in the Complaint, on May 6, 2006, Plaintiff was driving south on I-75 when Defendant Officer Eric Harris stopped him for speeding. Officer Harris told Plaintiff that his speed detection device recorded him traveling in excess of the posted speed limit and issued Plaintiff a speeding citation and a court date.

On August 21, 2006, Plaintiff appeared in Defendant Judge Karen Aromatorio's court for his traffic hearing. At the hearing Plaintiff attempted to have the speed detection device results suppressed on various grounds, including grounds the Officer Harris was operating the device outside Byron's city limits. Judge Aromatorio denied Plaintiff's motion. At the end of the hearing, Plaintiff was found guilty of speeding and ordered to pay a fine.

Thereafter, on May 6, 2008, Plaintiff filed his Complaint in the Peach County Superior Court alleging that Officer Farris, Judge Aromatorio, and the City of Byron are guilty of violating federal statutes 42 U.S.C. § § 1983, 1988, and 1991; the Fourteenth and Fourth Amendments of the United States Constitution; Federal Rico Statutes; and the Georgia Constitution and unidentified Georgia statutes. Specifically, Plaintiff claims that Judge Aromatorio unlawfully denied his motion to suppress the speed detection results and failed to inform him of his right to a jury trial. Plaintiff contends that the city of Byron collected a large portion of its revenue from traffic fines unlawfully imposed on drivers by Judge Aromatorio, which in turn was based on the unlawful use of speed detection devices operated off I-75 south in Peach County by Officer Farris and other city police officers. Plaintiff asserts that Judge Aromatorio and Officer Farris received income, directly or indirectly, from illegally imposed

traffic fines.  Finally, Plaintiff contends that Defendants unlawfully extorted fines from Plaintiff through a pattern of racketeering activity and action to collect an unlawful debt which affected interstate commerce.

Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), (b), and (c) based on the Court's original jurisdiction founded under federal law and the United States Constitution.  Defendants now move to dismiss Plaintiff's claims, and Plaintiff moves to have his claims remanded back to state court.

## ANALYSIS

*A.*     *Motion to Dismiss*

A motion to dismiss does not test whether the plaintiff will prevail on the merits of the case; it tests the legal sufficiency of the complaint.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Accordingly, the Court must accept the facts alleged in the complaint as true and construe all reasonable inferences in the light most favorable to the plaintiff.  Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999).  If the facts contained in the complaint would allow the plaintiff to recover under any possible theory, the motion to dismiss must be denied.  Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992).  If, however, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the plaintiff's claim must be dismissed.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Here, Plaintiff's claims are subject to dismissal for several reasons.  First, Plaintiff's § 1983 claims are barred by the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994).  The Supreme Court held in Heck that

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

>conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87.  Thus, a plaintiff in a civil suit alleging an unconstitutional conviction cannot bring an action under § 1983 without proving that the subject conviction has been invalidated.  Hence, Plaintiff's claims are not cognizable under § 1983 because his speeding conviction has not been reversed on direct appeal, expunged, invalidated by a tribunal, questioned by a writ of habeas corpus.  See Kroger v. Florida, 130 Fed. Appx. 327 (2005) (*pro se* plaintiff's § 1983 claims dismissed pursuant to Heck because plaintiff was impermissibly seeking to challenge a traffic conviction by filing a § 1983 action).

Second, Plaintiff's claims regarding Judge Aromatorio are subject to dismissal because she is entitled to judicial immunity.  Under the doctrine of absolute immunity, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."  Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000).  Here, there is no allegation that Judge Aromatorio was not acting in her judicial capacity or without jurisdiction when she adjudicated Plaintiff guilty of speeding.  Thus, she is entitled to judicial immunity, and this suit is subject to dismissal on all federal and state law claims against her.

Finally, Plaintiff's claims under the federal RICO statute (18 U.S.C. § 1961 et seq.) are also subject to dismissal as he fails to state a claim upon which relief can be granted.  To prevail on a civil RICO claim, a plaintiff must prove three essential elements: (1) a violation of § 1962;

(2) injury to business or property; and (3) that the violation caused the injury." Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). It is not clear from Plaintiff's Complaint the exact basis for his RICO claims. Plaintiff merely states that the "defendants unlawfully extorted fines from plaintiff through a pattern of racketeering activity and action to collect an unlawful debt and such action affected interstate commerce." (Pl. Compl. ¶ 20.) However, Plaintiff does not claim any injury apart from his conviction. Thus, he does not allege any injuries to "business or property." Moreover, although the Eleventh Circuit has not addressed the applicability of Heck to RICO claims, a number of other courts have held that the Heck rule applies with equal force to civil RICO claims. See, e.g., Williams v. Hill, 878 F. Supp. 269 (D.D.C. 1995), affirmed, 74 F.3d 1339 (D.C. Cir. 1996) (concluding that Heck was applicable to civil RICO action); Hermansen v. Chandler, 211 F.3d 1269, *2 (6th Cir. 2000) (unpublished opinion) ("This court has consistently applied the [Heck] princip[le] to civil actions under RICO . . . .") (citing other unpublished Sixth Circuit cases); but see Hunter v. Gates, 2001 WL 837697 at *3-4 (C.D. Cal. 2001) (holding that the Heck rule does not apply to civil RICO claims).

*B.     Motion to Remand*

In lieu of filing a response to Defendants' Motion to Dismiss, Plaintiff, a licensed attorney in the State of Georgia, filed a Motion to Remand his case to the Peach County Superior Court, ridiculously contending that this Court does not have original jurisdiction over his claims. Paragraph one of Plaintiff's Complaint plainly states: "This action is brought pursuant to 42 U.S.C. Sections 1983, 1988 and 1991, RICO, 18 U.S.C. Sections 1961 et seq., the Fourth and Fourteenth Amendments to the United States Constitution and Georgia's statutory and constitutional laws"; paragraph 19 of the Complaint states: "The defendant's action and inaction

violated plaintiff's Fourth Amendment rights to protection from unreasonable search and seizure"; and paragraph 20 of the Complaint states: "The defendants unlawfully extorted fines from plaintiff through a pattern of racketeering activity and action to collect an unlawful debt and such action affected interstate commerce."  Plaintiff's contention that this case should be remanded to state court because he has not raised "a cause of action under the Constitution, laws, or treaties of the United States" is clearly baseless.  Plaintiff has unquestionably raised questions of federal law in his Complaint, and Defendants have properly removed this case in compliance with 28 U.S.C. § § 1441 and 1446.

### C.     Order to Show Cause

Based on Plaintiff's baseless claims and his Motion to Remand, he is hereby ordered to appear before this Court on December 2, 2008, at 9:30 a.m. to show cause why he should not be sanctioned and/or ordered to pay Defendants' attorney's fees pursuant to Federal Rule of Civil Procedure 11.  Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose."  Jones v. Int'l Riding Helmets, Inc., 49 F.3d 692, 694 (11th Cir. 1995).  Courts have a wide variety of possible sanctions to impose for violations of Rule 11, including ordering a fine payable to the court.  Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments.  Moreover, "if imposed on motion and warranted for effective deterrence, [courts may issue an] order directing payment to the movant of some or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P. 11(c)(4).

**CONCLUSION**

For the reasons explained above, Plaintiff's claims must be dismissed. Defendant's Motion to Dismiss [Doc. 2] this action is **GRANTED**; Plaintiff's Motion to Remand [Doc. 4] is **DENIED**; and Plaintiff's federal claims are hereby **DISMISSED**. As a result of the dismissal of Plaintiff's federal claims, this Court hereby declines to exercise supplemental jurisdiction over the remaining state law claims. Consequently, those claims are dismissed without prejudice. Pursuant to Rule 11(c)(3), Plaintiff is also **ORDERED** to appear before this Court on December 2, 2008, at 9:30 a.m. to **SHOW CAUSE** why he should not be sanctioned and/or ordered to pay Defendants' attorney's fees for filing baseless pleadings.

**SO ORDERED this 3rd day of December, 2008.**

　　　　　　　　　　　　　　　　　　**S/ C. Ashley Royal**
　　　　　　　　　　　　　　　　　　**C. ASHLEY ROYAL**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

SSH