UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MICHAEL B. KING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:08-CV-186 (CAR) |
| | : | |
| ERIC FARRIS et. al., | : | |
| | : | |
| Defendants. | : | |

## *MOTION FOR ATTORNEYS' FEES PURSUANT TO RULE 11*

Currently before the Court is Defendants' Motion for Attorneys' Fees Pursuant to Rule 11 [Doc. 12]. Defendants' counsel seeks $3,390.50 in attorneys' fees and $460.97 for the costs incurred in their representation of Defendants. Defendants support their Motion and the figures contained therein, with the affidavit of Thomas F. Richardson, a partner in the Macon law firm of Chambless, Higdon, Richardson, Katz & Griggs, LLP, which was retained by Defendants to represent them in this action. After careful consideration, the Court **GRANTS** Defendants' Motion [Doc. 12] and awards the amounts specified below.

## BACKGROUND

This case stems from Plaintiff's receipt of a speeding ticket and his subsequent speeding conviction in Peach County, Georgia. The substantive facts in this case were set forth in detail in the Court's Order of December 3, 2008. They will not be recounted in full here. In summary, Plaintiff originally filed suit in Peach County Superior Court alleging Defendants were guilty of violating federal statutes 42 U.S.C. § § 1983, 1988, and 1991; the Fourteenth and Fourth Amendments of the United States Constitution; Federal RICO statutes; and the Georgia

Constitution and unidentified Georgia statutes. On December 3, 2008, the Court dismissed Plaintiff's Complaint and issued an Order to appear before the Court to show cause why he should not be sanctioned and/or ordered to pay Defendants' attorneys' fees pursuant to Fed. R. Civ. P. 11. On December 17, 2008, this Court held a hearing wherein the Court gave an elaborate statement of the facts of the case and the legal issues and allowed Plaintiff to respond fully. On December 19, 2008, this Court entered its Order finding Plaintiff in violation of Fed. R. Civ. P. 11(b)(1) and (2) and sanctioning Plaintiff $1,500.00 for such violations. In that Order, the Court invited Defendants to file a motion for attorneys fees, which is currently before the Court.

## DISCUSSION

Defendants seek to recover attorneys' fees pursuant to Fed. R. Civ. P. 11. The purpose of Rule 11 is to "reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers." Donaldson v. Clark, 819 F.2d 1551, 1557 (11th Cir. 1987) (en banc). Rule 11 authorizes the Court to "direct[] payment to the movant of part or all reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Here, the Court finds Defendants' attorneys' fees directly resulted from Plaintiff's Rule 11 violations as previously determined by this Court. As such, an award of attorneys' fees is warranted to effectively deter Plaintiff from filing such harassing and frivolous law suits and motions in the future.

In determining the appropriate amount of attorney's fees, the Court must calculate the "lodestar," which is the number of hours reasonably spent working on the case multiplied by a reasonable hourly rate. Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000). The Court may make any adjustments to the lodestar calculation for other considerations not yet

factored into the lodestar amount. Id. The Court notes that "the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. The Court further notes that, in determining a reasonable hourly rate, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (citing Norman, 836 F.2d at 1299).

Upon review of Defense counsel's affidavit, the Court is satisfied with the explanation of hours expended in this case. Twenty-nine and one-half hours is a reasonable amount of time to spend defending this case, which included removing the case to this Court, drafting a motion to dismiss, and responding to Plaintiff's motion to remand. In addition, based on defense counsel's experience and the market rate in the Macon legal community, the Court finds the hourly rate of $125.00 for partners and $100.00 for associates to be reasonable. In its review of counsel's affidavit and the attorneys' time sheets, Defendants inconsistently submitted an hourly for associates. While counsel's affidavit states the rates for associates is "$100 per hour," the timekeeper summary states the associates were billed at $110.00 per hour. The Court awards attorneys' fees consistent with the $100.00 per hour rate for associates, which amounts to $3,192.50.

## CONCLUSION

Defendants' Motion for Attorneys' Fees and costs is **GRANTED** in accordance with the

Court's adjustment of the associate rate to $100.00 per hour. Defendants are hereby awarded $3,192.50 in attorneys' fees and $460.97 in costs, for a total of $3,653.47.

**SO ORDERED**, this 14th day of July, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

SMF/SSH

**APPENDIX**

**Calculation of Attorney's Fees and Expenses**

    **Attorneys' Fees**

        *Lewis (Associate)*

| | |
|---|---|
| Hours | 19.3 |
| Reasonable Rate | $100.00 |
| Attorney Fees | $1,930.00 |

        *Robertson(Associate)*

| | |
|---|---|
| Hours | .5 |
| Reasonable Rate | $100.00 |
| Attorney Fees | $50.00 |

        *Richardson (Partner)*

| | |
|---|---|
| Hours | 9.7 |
| Reasonable Rate | $125.00 |
| Attorney Fees | $1,212.50 |
| **Attorney's Fee Total**: | $3,192.50 |
| **Costs Advanced:** | $381.41 |
| **Expenses Advanced:** | $79.56 |

*TOTAL:*      $3,653.47