UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MICHAEL B. KING, :
:
       Plaintiff, :
:
vs. : 5:08-CV-186 (CAR)
:
ERIC FARRIS et. al., :
:
       Defendants. :
_____

*ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND DEFENDANTS' MOTION FOR ATTORNEYS' FEES*

Currently before the Court are Plaintiff's Motion for Reconsideration of the Order Awarding Defendants' Attorney Fees [Doc. 23] and Defendants' Motion for Attorneys' Fees Pursuant to Rule 11 [Doc. 25]. For the reasons explained herein, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 23], and **GRANTS** Defendants' Motion for Attorneys' Fees [Doc. 25].

**BACKGROUND AND PROCEDURAL HISTORY**

This case stems from Plaintiff's receipt of a speeding ticket and his subsequent speeding conviction in Peach County, Georgia. The substantive facts in this case were set forth in detail in the Court's Order of December 3, 2008. They will not be recounted in full here. In summary, Plaintiff, a licensed attorney in the State of Georgia who represents himself in this action, originally filed suit in Peach County, Georgia, Superior Court alleging Defendants were guilty of violating federal statutes 42 U.S.C. § § 1983, 1988, and 1991; the Fourteenth and Fourth Amendments of the United States Constitution; Federal RICO statutes; and the Georgia Constitution and unidentified Georgia statutes. Defendants removed the case pursuant to 28

U.S.C. § § 1446(a) and 1441(a),(b), and (c) based on the Court's original jurisdiction founded under federal law and the United States Constitution.  Defendants also moved to dismiss the Complaint for failure to state a claim upon which relief may be granted, and Plaintiff moved to have his claims remanded back to state court arguing that this Court had no jurisdiction over his claims.

On December 3, 2008, the Court dismissed Plaintiff's Complaint.  The Court also found Plaintiff's contention that the case should be remanded to state court because he had not raised "a cause of action under the Constitution, laws, or treaties of the United States" to be clearly baseless.  Thus, the Court ordered Plaintiff to appear before the Court to show cause why he, a licensed attorney in the state of Georgia, should not be sanctioned and/or ordered to pay Defendants' attorneys' fees pursuant to Fed. R. Civ. P. 11.  On December 17, 2008, this Court held a hearing wherein the Court gave an elaborate statement of the facts of the case and the legal issues and allowed Plaintiff to respond fully.  Despite having clearly alleged claims under 42 U.S.C. § § 1983, 1988, and 1991; the Fourteenth and Fourth Amendments of the United States Constitution; and Federal RICO statutes, Plaintiff maintained that this Court lacked original jurisdiction over his case. Two days later, on December 19, 2008, this Court entered its Order finding Plaintiff in violation of  Fed. R. Civ. P.  11(b)(1) and (2) and sanctioning Plaintiff $1,500.00 for such violations.

On January 16, 2009, final judgment was entered dismissing this case.  Thereafter, on February 17, 2009, Plaintiff filed his notice of appeal from final judgment to the Eleventh Circuit Court of Appeals.  Approximately four months later, on July 14, 2009, while the appeal from final judgment dismissing this case was pending, this Court granted Defendants' motion for attorneys' fees, finding that Defendants' attorneys' fees directly resulted from Plaintiff's Rule 11

violations, and an award of attorneys' fees was warranted to effectively deter Plaintiff from filing harassing and frivolous law suits and motions in the future.

Thereafter, Plaintiff timely filed the current Motion for Reconsideration of the Order awarding Defendants their attorneys' fees. In his Motion, Plaintiff continues to maintain that "the district court did not have jurisdiction over this case because [Plaintiff] did not allege a federal cause of action in his complaint filed in state court. Without subject matter jurisdiction, this [C]ourt was not authorized under federal law to award [D]efendants' attorney fees." [Doc. 23, p. 4]. Defendants filed a brief in response to Plaintiff's Motion for Reconsideration and filed the current Motion for Attorneys' Fees pursuant to Rule 11 for the time spent by defense counsel responding to Plaintiff's Motion. Defendants contend that Plaintiff merely rehashed the same arguments – that this Court lacks original jurisdiction over this case – that this Court previously found to be harassing and frivolous and rely on the Court's reasoning in its previous Orders imposing Rule 11 sanctions and awarding attorneys' fees.

Having received no response from Plaintiff, this Court directed Plaintiff to respond to Defendants' Motion for Attorneys' Fees. Plaintiff complied and contends that attorneys' fees should not be imposed against him pursuant to Rule 11 because his Motion for Reconsideration was properly filed pursuant to Fed. R. Civ. P. 59(e). Moreover, Plaintiff raised a new jurisdictional argument contending that his notice of appeal from final judgment divested this Court of jurisdiction to consider the subsequent motion for attorneys' fees.

## DISCUSSION

### Plaintiff's Motion for Reconsideration

In the interests of judicial efficiency and finality of decisions, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." Groover v. Michelin

North America, Inc., 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). This Court's Local Rule 7.6 provides that motions for reconsideration should not be filed as a matter of routine practice, but only when "absolutely necessary." Reconsideration is appropriate "only if the movant demonstrates [1] that there has been an intervening change in the law, [2] that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or [3] that the court made a clear error of law." McCoy v. Macon Water Authority, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). "Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Groover, 90 F. Supp. 2d at 1256. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." McCoy, 966 F. Supp. at 1223.

Plaintiff's Motion for Reconsideration is nothing more than a restatement of his arguments that were thoroughly weighed and addressed by the Court, and the Court is not persuaded that its original finding was erroneous. As this Court has stated multiple times, Plaintiff's argument that this Court lacks jurisdiction over this case because the Complaint does not allege a federal cause of action is clearly baseless. The first paragraph of Plaintiff's complaint states, "[t]his action is brought pursuant to 42 U.S.C. Section 1983, 1988 and 1991, RICO, 18 U.S.C. Section 1961 et seq., [and] the Fourth and Fourteenth Amendments to the United States Constitution. . . ." (Compl., ¶ 1.)

In his response to Defendants' Motion for Attorneys' Fees, Plaintiff contends, for the first time, that his notice of appeal divested this Court of jurisdiction to consider Defendants' motion for attorneys' fees. Plaintiff maintains that he orally objected to Defendants' request for attorneys' fees during the December 17, 2008 show cause hearing and considered the objection

4

to be continuing through the final disposition of the case.  Plaintiff further maintains that his appeal from final judgment included the Court's December17, 2008 oral order granting the Defendants' request for attorneys' fees.

Plaintiff's argument is without merit.  This Court made no ruling on any request for attorneys' fees during the December 17, 2008 show cause hearing.  At the hearing, this Court clearly stated that it would *entertain* a motion for attorneys' fees from defense counsel.  Thereafter, defense counsel filed their motion, and Plaintiff had the opportunity to respond.  Despite Plaintiff's failure to respond to the motion, this Court thoroughly considered the motion.  The Court granted defense counsel's motion and explained its reasoning in its Order dated July 14, 2009.  Thus, Plaintiff's appeal from final judgment, filed on February 17, 2009, certainly did not include this Court's ruling on Defendants' motion for attorneys' fees.  Thus, this Court had jurisdiction to rule on the motion for attorneys' fees while the appeal from final judgment was pending.  "When a party appeals a decision of the district court, jurisdiction over the aspects of the case involved in the appeal transfers to the appellate court."  Briggs v. Briggs, 260 Fed. Appx. 164, 165 (11th Cir. 2007) (citing Green Leaf Nursery v. E.I. DuPont De Nemours and co., 341 F.3d 1292, 1309 (11th Cir. 2003)).  However, district courts may retain jurisdiction to consider motions that are collateral to the matters on appeal, including a motion for attorneys' fees after a notice of appeal has been filed in the underlying case.  Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003); Rothenberg v. Security Management Co., Inc., 677 F.2d 64, 65 (11th Cir. 1982).  Thus, Plaintiff's Motion for Reconsideration is **DENIED**.

**Defendants' Motion for Attorneys' Fees**

Defendants seek to recover attorneys' fees pursuant to  Fed. R. Civ. P. 11 for the time spent responding to Plaintiff's Motion for Reconsideration.  The purpose of Rule 11 is to

5

"reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers." Donaldson v. Clark, 819 F.2d 1551, 1557 (11th Cir. 1987) (en banc).  The Court finds Plaintiff's Motion for Reconsideration was frivolous, unwarranted by existing law, and needlessly filed to cause unnecessary delay.  Despite the Court's previous imposition of Rule 11 sanctions and award of attorneys' fees for Plaintiff's baseless argument that this Court lacks jurisdiction over this action, Plaintiff continues to proffer this exact argument in his Motion for Reconsideration, wasting the time and resources of both the Court and Defendants.  The Court will not tolerate such flagrant disregard and disrespect of its orders.  Plaintiff's new jurisdictional argument – that the notice of appeal divested this Court of jurisdiction over the motion for attorneys' fees – was not filed until after Defendants responded to the original Motion for Reconsideration.  Thus, the argument does not save Plaintiff from a Rule 11 violation.

Rule 11 authorizes the Court to "direct[] payment to the movant of part or all reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P. 11(c)(4).  Here, the Court finds Defendants' attorneys' fees in responding to Plaintiff's Motion for Reconsideration directly resulted from Plaintiff's Rule 11 violations as previously determined by this Court.  As such, an award of attorneys' fees is warranted to effectively deter Plaintiff from filing such harassing and frivolous motions in the future.

In determining the appropriate amount of attorney's fees, the Court must calculate the "lodestar," which is the number of hours reasonably spent working on the case multiplied by a reasonable hourly rate.  Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000). The Court may make any adjustments to the lodestar calculation for other considerations not yet factored into the lodestar amount.  Id.  The Court notes that "the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours

6

reasonably expended by a reasonable hourly rate." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Id.  The Court further notes that, in determining a reasonable hourly rate, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (citing Norman, 836 F.2d at 1299).

   Upon review of defense counsel's affidavit, the Court is satisfied with the explanation of hours expended in this case; 4.1 hours is a reasonable amount of time to spend reviewing Plaintiff's Motion for Reconsideration, reviewing relevant case law, drafting a response brief to the Motion, and drafting the Motion for Attorneys' Fees and brief in response thereto.  In accordance with its previous Order awarding attorneys' fees in this case, the Court will award such fees at a rate of $125.00 per hour for partners and $100.00 per hour for associates.  Thus, in accordance with defense counsel's affidavit and as set forth in more detail in the Appendix attached to this Order, the Court awards attorneys' fees to defense counsel in the amount of $457.00, and costs in the amount of $19.94, for a total award of $476.94.

**CONCLUSION**

For the reasons explained herein, Plaintiff's Motion for Reconsideration [Doc. 23] is **DENIED**.  Defendants' Motion for Attorneys' Fees [Doc. 25] is **GRANTED**.  Defendants are hereby awarded $457.00 in attorneys' fees and $19.94 in costs, for a total award of $476.94.

**SO ORDERED**, this 10th day of November, 2009.

                                                  S/ C. Ashley Royal
                                                 C. ASHLEY ROYAL, JUDGE
                                                 UNITED STATES DISTRICT COURT
                                                 MIDDLE DISTRICT OF GEORGIA

SSH

# APPENDIX

## Calculation of Attorney's Fees and Expenses

### Attorneys' Fees

*Lewis (Associate)*

| | |
|---|---|
| Hours | 3.7 |
| Reasonable Rate | $100.00 |
| Attorney Fees | $407.00 |

*Richardson (Partner)*

| | |
|---|---|
| Hours | 0.4 |
| Reasonable Rate | $125.00 |
| Attorney Fees | $50.00 |
| **Attorney's Fee Total**: | $457.00 |
| **Costs Advanced:** | $17.49 |
| **Expenses Advanced:** | $2.45 |
| *TOTAL:* | $476.94 |