IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MICHAEL B. KING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:08-CV-186 (CAR) |
| | : | |
| ERIC FARRIS, KAREN AROMATORIO, | : | |
| and THE CITY OF BYRON, | : | |
| | : | |
| Defendants. | : | |

*ORDER ON MOTION TO STAY ENFORCEMENT OF FINAL JUDGMENT PENDING THE PETITION FOR WRIT OF CERTIORARI*

Before the Court is Plaintiff Michael B. King's Motion to Stay Enforcement of Final Judgment Pending the Petition for Writ of Certiorari to the Supreme Court. For the reasons stated below, the Motion [Doc. 33] is **DENIED**.

### BACKGROUND

This case stems from Plaintiff's receipt of a speeding ticket and his subsequent speeding conviction in Peach County, Georgia. The substantive facts in this case were set forth in detail in the Court's Order of December 3, 2008. They will not be recounted in full here. In summary, Plaintiff, a licensed attorney in the State of Georgia who represents himself in this action, originally filed suit in Peach County, Georgia, Superior Court alleging Defendants were guilty of violating federal statutes 42 U.S.C. § § 1983,

1988, and 1991; the Fourteenth and Fourth Amendments of the United States Constitution; Federal RICO statutes; and the Georgia Constitution and unidentified Georgia statutes. After Defendants removed the case pursuant to 28 U.S.C. §§ 1446(a) and 1441(a),(b), and (c) based on the Court's original jurisdiction founded under federal law and the United States Constitution, the Court dismissed Plaintiff's Complaint and imposed sanctions and attorneys' fees against Plaintiff.

Plaintiff moved for reconsideration and then appealed to the Eleventh Circuit Court of Appeals when his motion for reconsideration was denied. The Eleventh Circuit affirmed this Court's decision and denied Plaintiff's request for a rehearing en banc. Despite having clearly alleged claims under 42 U.S.C. §§ 1983, 1988, and 1991; the Fourteenth and Fourth Amendments of the United States Constitution; and Federal RICO statutes, Plaintiff continues to maintain that he did not raise federal claims and that this Court lacks jurisdiction to hear the case, dismiss the case, or impose sanctions. Thus, he now intends to Petition the United States Supreme Court for Writ of Certiorari and has requested this Court stay enforcement of the Judgment pending the filing and disposition of the Petition.

## DISCUSSION

To obtain a stay pending the filing and disposition of a petition for a writ of certiorari, an applicant must show "(1) a reasonable probability that four Justices will

2

consider the issue sufficiently meritorious to grant certiorari; (2) a fair prospect that a majority of the Court will vote to reverse the judgment below; and (3) a likelihood that irreparable harm will result from the denial of a stay." Hollingsworth v. Perry, ___ U.S. ___, 130 S.Ct. 705, 710 (2010) (citations omitted).

A stay in this case is clearly unwarranted. It is extremely unlikely that four United States Supreme Court Justices will vote to grant certiorari in this case where Plaintiff clearly raised federal claims in his complaint. It is even more unlikely that a majority of the Court would vote to reverse the Judgment in this case. Finally, denying the stay will not result in irreparable harm to Plaintiff.

## CONCLUSION

For the reasons explained above, Plaintiff's Motion to Stay Enforcement of Final Judgment Pending the Petition for Writ of Certiorari [Doc. 33] is **DENIED**.

**SO ORDERED,** this 14th day of June, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

SSH